NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANTHONY BLUMBERG,<br><br>Defendant. | Criminal Action No.: 14-458 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

Pending before the Court is the Government's Motion to Take Deposition of foreign citizen Sergi Aguado Soliva. (ECF No. 231). Defendant Anthony Blumberg has filed opposition, (ECF No. 235), and the Government has replied thereto, (ECF No. 237). The Court has considered all of the papers and exhibits before it. For the reasons stated herein, the Court grants the Government's motion.

## BACKGROUND

The Court writes for the parties who are familiar with the factual history of this case and therefore will only include those facts relevant to the current motion. Defendant was an executive managing director for the brokerage company ConvergEx and the Chief Executive Officer of its Bermuda subsidiary from 2006 through August 2011. (ECF No. 100 ¶ 1(h)). Defendant was indicted on counts of conspiracy to commit securities and wire fraud as well as counts of wire fraud. (ECF No. 100 ¶¶ 1–12). Andbanc, an Andorran bank, was one of ConvergEx's clients during Defendant's alleged scheme to defraud. (ECF No. 231 at 1). Mr. Soliva is an Andorran

citizen and works for Andbanc. (*Id.*).

On one occasion, Mr. Soliva requested that ConvergEx send a time and sales report regarding a particular trade made in 2007 ("the 2007 Time and Sales Report"), which would include the times, prices, share amounts, and spread of the trade.[1] (*Id.* at 4). The Government intends to prove at trial that ConvergEx's Bermuda Subsidiary, under Defendant' direction, falsely prepared the 2007 Time and Sales Report by including other parties' trades. (*Id.*). This was supposedly done in an attempt to hide the spread that ConvergEx had taken from the 2007 Andbanc trade and cause Andbanc to continue doing business with ConvergEx. (*Id.*). The Government also intends to prove that Andbanc did in fact continue doing business with ConvergEx, and that ConvergEx continued to take spread. (*Id.*). ConvergEx and Defendant are accused of providing other clients with false time and sales reports similar to the 2007 Time and Sales Report provided to Andbanc. (ECF No. 100 ¶ 5).

In 2015, the Government contacted Mr. Soliva by phone to discuss the 2007 Time and Sales Report. (ECF No. 231 at 4–5). Mr. Soliva stated that he recalled requesting the 2007 Time and Sales Report. (*Id.* at 5). Though Mr. Soliva did not recall receiving the 2007 Time and Sales Report, "he had no reason to believe they were not sent." (*Id.*). The parties disagree as to whether Mr. Soliva received the 2007 Time and Sales Report. (*Id.*; ECF No. 235 at 2). Regardless, Mr. Soliva said that he would not have sent trades to ConvergEx in the future had he known that ConvergEx was taking spread. (ECF No. 231 at 5). In fact, Mr. Soliva stated that Andbanc stopped doing business with ConvergEx once it learned about the investigation into ConvergEx's conduct.

---

[1] "Spread," as referred to here, is ConvergEx's practice of adding mark-ups (additional payment for a security) or mark-downs (reduction in the amount received for selling a security) to the local brokers' price. (ECF No. 231 at 2–3; ECF No. 100 ¶ 1(q)). The charges in the superseding indictment allege that Defendant and others at ConvergEx hid the fact that they were adding spread to trades in order to defraud clients and earn spread income. (ECF No. 231 at 3).

(*Id.*).

Based on this information, the Government wants Mr. Soliva to testify to the materiality of Defendant's allegedly false representations in the 2007 Time and Sales Report. (*Id.* at 1). However, Mr. Soliva has indicated that he will not voluntarily travel to the United States to testify at trial. (*Id.*). Because Mr. Soliva is a foreign citizen and beyond the process of this Court, the Government wishes to depose him in Spain, which is a neighboring country of Andorra. (*Id.*).

## **LEGAL STANDARD**

Motions to take depositions are governed by Federal Rule of Criminal Procedure 15. Rule 15(a) provides that a party may move to depose a prospective witness "in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). According to the amendments to the rule, the taking of a deposition is more limited in the criminal context than it is in the civil context, where the use of depositions are preferred. *United States v. Ismaili*, 828 F.2d 153, 159 (3d Cir. 1987). However, the Court may grant the party's motion to take deposition if there are "exceptional circumstances" and doing so would be "in the interest of justice." Fed. R. Crim. P. 15(a)(1). To determine whether there are exceptional circumstances under Rule 15(a), the Court must consider the materiality of the potential testimony and the unavailability of the witness who would be deposed. *Ismaili*, 828 F.2d at 159 (citing *United States v. Johnson*, 752 F.2d 206, 209 (6th Cir. 1985); *United States v. Bello*, 532 F.2d 422, 423 (5th Cir. 1976)).

The burden of proving exceptional circumstances lies with the moving party. *Id.* (citing *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir. 1977)). The burden to show materiality is "reduced" when the witness being deposed resides overseas and is not subject to process in the United States. *United States v. Steele*, 685 F.2d 793, 809 (3d Cir. 1982). Furthermore, a determination authorizing a deposition to be taken under Rule 15 is not a determination of its

admissibility at trial. Fed. R. Crim. P. 15(f).

## ANALYSIS

In order to prevail, the Government must show that the deposition of Mr. Soliva is material and that he is otherwise unavailable to testify. *Ismaili*, 828 F.2d at 159. As a preliminary matter, the Court finds that the Government has sufficiently shown unavailability. Mr. Soliva is an Andorran citizen—outside the process of this Court—and will not voluntarily come to the United States to testify. (ECF No. 231 at 1). Therefore, the Court's determination turns on whether Mr. Soliva's deposition testimony regarding the 2007 Time and Sales Report will be material to proving the charges against Defendant.

The Court finds that Mr. Soliva's deposition testimony is material because it helps the Government show a material false statement. For the charge of conspiracy to commit securities fraud or wire fraud, in violation of 18 U.S.C. § 1349, and for the substantive charge of wire fraud, in violation of 18 U.S.C. § 1343, the Government must prove that the allegedly false statements in the time and sales reports were material. *See Neder v. United States*, 527 U.S. 1, 25 (1999) (concluding that the materiality of a falsehood is an element of wire fraud); *United States v. Yasbin*, 159 F.2d 705, 705 (3d Cir. 1947) (stating that the jury must be instructed on the elements of the substantive offense underlying the conspiracy). A false statement is material if it has "a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Gaudin*, 515 U.S. 506, 509 (1995) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)).

The Government intends to show that the 2007 Time and Sales Report qualified as a material false statement because it was capable of influencing Mr. Soliva as well as other ConvergEx customers. (ECF No. 231 at 7–9). Mr. Soliva has stated that he "would not have

continued to send trades to ConvergEx had he been provided with a report that showed ConvergEx took a mark-up on the trade." (*Id.* at 8). The Court agrees that this testimony will help prove the element of a material false statement, because Mr. Soliva's decision to continue doing business with ConvergEx would have been influenced by the 2007 Time and Sales Report. Additionally, Mr. Soliva's expectation that the 2007 Time and Sales Report would provide accurate data, and Mr. Soliva's decision to continue doing business with ConvergEx, shows an example of the material effect a similar time and sales report could have on other ConvergEx customers who received it.

Defendant claims that Mr. Soliva's deposition testimony cannot show that the 2007 Time and Sales Report qualified as a material false statement because Mr. Soliva has no recollection of receiving the report and the Government has not presented any evidence of ConvergEx sending it. (ECF No. 235 at 13). However, Mr. Soliva has "no reason to believe [the 2007 Time and Sales Report] was not sent." (ECF No. 237 at 7–8). Even if Mr. Soliva did not receive the report, "[a] misrepresentation may be material without inducing any actual reliance." *United States v. Blixt*, 548 F.3d 882, 889 (9th Cir. 2008) (quoting *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981)); *see also Neder*, 527 U.S. at 25 ("the elements of reliance and damage would clearly be inconsistent with the [mail and wire fraud] statutes Congress enacted."). The fact that Mr. Soliva's deposition testimony can show that the 2007 Time and Sales Report was "capable of influencing" his decision to remain a client of ConvergEx is enough to show a material false statement. *Gaudin*, 515 U.S. at 509. Considering Mr. Soliva's deposition testimony can assist the Government in proving a material false statement, and considering a material false statement is a necessary element for the Government to show wire fraud and conspiracy to commit securities fraud and wire fraud, the Court finds that Mr. Soliva's deposition testimony is material.

Defendant also raises several arguments concerning the admissibility of Mr. Soliva's deposition testimony. (ECF No. 235 at 20–22). However, these arguments go beyond the Court's current consideration of materiality. *See* Fed. R. Crim. P. 15(f) ("An order authorizing a deposition to be taken under this rule does not determine its admissibility. A party may use all or part of a deposition as provided by the Federal Rules of Evidence."). Any arguments regarding the admissibility of the deposition testimony may be reserved for a later time and will be considered closer to trial.[2] For now, however, the Government has met its burden by showing that Mr. Soliva's deposition testimony is material. Therefore, the Government's Motion to Take Deposition of Mr. Soliva is granted.

## CONCLUSION

For the aforementioned reasons, the Court hereby grants the Government's Motion to Take Deposition of Mr. Soliva. An appropriate Order follows this Opinion.

Dated: February 13ᵗʰ, 2018

JOSE L. LINARES
Chief Judge, United States District Court

---

[2] The Court will address the fact that Defendant's Sixth Amendment argument is without merit. (ECF No. 235 at 22). Defendant and his counsel may be present at the deposition to cross-examine Mr. Soliva under Federal Rule of Criminal Procedure 15(c), and therefore there is no Confrontation Clause violation. *See United States v. Rothbart*, 653 F.2d 462, 466 (10th Cir. 1981) (recognizing a traditional exception to the confrontation clause when a witness is unavailable for trial, despite prosecutors good faith effort to obtain his presence, but has given prior testimony where he was subject to cross-examination by the defendant) (citing *Baber v. Page*, 390 U.S. 719, 725 (1968)); *see also Pennsylvania v. Ritchie,* 480 U.S. 39, 53 (1987) (stating that the Confrontation Clause "does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony.").